NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAURA GRAYER & MARIE FLOYD,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>TOWNSHIP OF EDISON, et al.,<br><br>　　　　　Defendants. | Civil Action No.: 02-2969<br><br>**O P I N I O N** |

**LINARES**, District Judge.

This matter comes before the Court on the motion for reconsideration of Defendant Township of Edison ("Defendant" or "Edison") seeking summary judgment as a matter of law pursuant to Fed. R. Civ. P. 56. No oral argument was heard. Fed. R. Civ. P. 78. For the reasons set forth in this Opinion, Defendant's motion is granted.

## BACKGROUND

Plaintiffs Laura Grayer ("Grayer") and Marie Floyd ("Floyd") (collectively, "Plaintiffs") filed a Complaint in this matter on June 21, 2002. The nine-count complaint named Edison, Police Chief Edward Costello ("Costello"), Sergeant Mark Anderko ("Anderko"), Detective Edward Wheeler ("Wheeler"), Detective Richard Buck ("Buck"), Detective Andy Nagy ("Nagy"), Police Officer David Stern ("Stern") and Police Officer Jonathan Kole ("Kole"). (Compl. ¶¶ 14-47). Grayer alleged that these defendants were liable under 42 U.S.C. § 1983 for various violations of her civil rights. Grayer alleged equal protection violations by Wheeler

(Count I), deprivation of liberty without due process of law by all defendants (Count II), unreasonable search and seizure by all defendants (Count III), and deprivation of property without due process of law by all defendants (Count IV).  (Compl. ¶¶ 14-28).  Floyd alleged that Wheeler was liable under 42 U.S.C. § 1983 for violations of her right to equal protection (Count V) and also asserted a state law emotional distress claim against all defendants (Count VI). (Compl. ¶¶ 29-35).  Both plaintiffs also set forth state law claims for intentional assault and battery against Wheeler (Count VII), reckless or negligent assault and battery against Wheeler (Count VIII), and a state law claim for failure to supervise against the institutional and supervisory defendants (Count IX).  (Compl. ¶¶ 36-47).

Defendants then filed motions for summary judgment on all claims set forth in the Complaint.  The Court filed a Letter Opinion and Order on January 28, 2005 granting summary judgment and dismissing all claims against Nagy and granting summary judgment on, and dismissing, Counts I and V as time-barred as alleged against all Defendants.  (Jan. 28, 2005 Letter Order and Op. at 15).  The Court also granted summary judgment and dismissed Counts II, IV, and VI as alleged against all Defendants.  (Id.).   On February 7, 2005, by way of a one page letter Opinion and Order, the Court dismissed all remaining claims against Defendants Buck, Stern and Kole.  (Feb. 7, 2005 Letter Op. at 2).

By Order dated March 1, 2005, this Court granted summary judgment on, and dismissed, all claims alleged against Costello and denied summary judgment on the issue of qualified immunity as to Anderko and Wheeler.  The Court also granted summary judgment on, and dismissed, all Section 1983 claims against Edison, but denied summary judgment on Count IX inasmuch as the count was premised on Edison's alleged failure to supervise pursuant to the New

Jersey Tort Claims Act (NJTCA), N.J.S.A. §§ 59:1-1 to 59:12-3.  (Mar. 1, 2005 Letter Order and Op. at 3-4).  The Court declined to dismiss the state law claim alleged against Edison based upon its determination that an exception to blanket immunity for public entities exists in the NJTCA – namely that vicarious liability can exist under N.J.S.A. § 59:2-2(a). (Id.).  Since the Court had previously denied summary judgment on the issue of qualified immunity to Anderko and Wheeler, the Court determined that these detectives' liability remained an open question, rendering summary judgment on the Plaintiffs' vicarious liability claim inappropriate.  (Id.).  The Court also held that genuine issues of material fact existed with respect to whether Anderko and Wheeler were acting within the scope of their employment, which provided a second basis for denying summary judgment.  (Id.).

Defendants Anderko and Wheeler filed Notices of Appeal seeking reversal of this Court's denial of summary judgment as to the issue of qualified immunity.  Edison also filed a Notice of Appeal seeking reversal of this Court's denial of summary judgment on the NJTCA claim.  By Mandate issued August 23, 2006 (CM/ECF # 53), the Court of Appeals dismissed Edison's appeal for lack of jurisdiction[1] and reversed this Court's denial of summary judgment as to Anderko and Wheeler.  The Court of Appeals granted qualified immunity to Anderko and Wheeler and remanded the matter to this Court for further proceedings.  This Court then issued an amended order dated November 13, 2006 dismissing all claims against Wheeler and Anderko with prejudice and advising that the matter would proceed against Edison, the only remaining Defendant.  (Nov. 13, 2006 Amended Order at 1).

---

[1] The Court of Appeals determined that no final, appealable judgment existed from which Edison could properly appeal.

On January 11, 2007, Edison moved for reconsideration of this Court's denial of summary judgment on the NJTCA claim in light of the decision of the Court of Appeals.

## DISCUSSION

Since the parties are familiar with the factual background of this matter as set forth in this Court's prior Opinions, the Court will not repeat any facts unless relevant to the instant discussion.

**A.    Legal Standards**

    **1.    Reconsideration**

Motions for reconsideration or reargument are governed by Local Civil Rule 7.1(i). Rule 7.1(i) permits a party to file a motion for reconsideration "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked" within ten business days after entry of an order. Reconsideration, however, is an extraordinary remedy and should be granted "very sparingly." See L. Civ. R. 7.1(i) cmt. 6(d); see also Fellenz v. Lombard Investment Corp., 2005 WL 3104145, at *1 (D.N.J. Oct.18, 2005) (citing Maldonado v. Lucca, 636 F.Supp. 621, 630 (D.N.J.1986)).

A party must set forth one of three grounds in support of its motion for reconsideration: that (1) an intervening change in controlling law has occurred; (2) evidence not previously available has become available; or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice. See, e.g., Carmichael v. Everson, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004); Brackett v. Ashcroft, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003). Whether to grant a motion for reconsideration is a determination wholly within the Court's discretion.

Croker v. Boeing Co., 662 F.2d 975 (3d Cir.1981).

        **2.    Summary Judgment**

According to the Federal Rules of Civil Procedure, summary judgment may be granted when, drawing all inferences in favor of the non-moving party, there exists no genuine issue of material fact and the Court determines that the movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The moving party bears the initial burden of identifying evidence that demonstrates the absence of a genuine issue of material fact. Id. Once that burden has been met, the non-moving party must set forth "specific facts showing there is a genuine issue for trial," or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-movant must "do more than simply show that there is some metaphysical doubt as to the material facts." Id. at 586.

**B.    Analysis**

        **1.    Applicable Legal Standard**

As a preliminary matter, the Court must determine which legal standard to apply to the instant motion. Although Edison termed and structured its motion as one seeking reconsideration in light of the Third Circuit's opinion, Plaintiffs responded to the motion as if it were a motion for summary judgment.[2] In light of the present procedural posture of the case, and the fact that a clearly established record exists before the Court, the Court shall construe and

---

[2] Plaintiffs even titled their submission "Opposition Motion to Defendant's Summary Judgment Motion."

analyze Edison's motion as a renewed motion for summary judgment.³ The Court shall apply the standard for summary judgment to determine, in light of the recent Third Circuit opinion, whether a genuine issue of material fact exists that must be resolved at trial, or whether Edison is entitled to judgment as a matter of law with respect to Count IX.

### 2. Remaining State Claim Against Edison

Edison argues that it is entitled to judgment as a matter of law on Count IX of the Complaint. This count alleges that Edison should be held vicariously liable for the alleged torts of the defendant police officers pursuant to provisions of the NJTCA. Since this Court had previously dismissed certain defendants by way of summary judgment, and the Third Circuit dismissed all remaining defendants, Edison argues that no basis for vicarious liability remains, and this claim must be dismissed.

Plaintiffs argue that Edison is not entitled to summary judgment since the "the Court has already decided and denied the defendant's motion once." (Pl Br. Opp'n at 11). Essentially, Plaintiffs argue that since this Court previously denied summary judgment as to Edison on Count IX, and Edison's appeal of this decision was dismissed, the Court may not revisit its prior determination. Notably, Plaintiffs fail to address Edison's argument pertaining to the NJTCA and also fail to establish the existence of a genuine issue of material fact with respect to Count

---

³ The Federal Rules of Civil Procedure do not provide for a renewed motion for summary judgment, but "[a] federal district court has the inherent power to reconsider interlocutory orders when it is consonant with justice to do so." American Guar. & Liability Ins. Co. v. Fojanini, 99 F. Supp. 2d 558, 560 (E.D. Pa. 2000). Further, an order that denies a motion for summary judgment under Fed. R. Civ. P. 56 is an interlocutory order. See id. Thus, this Court has the discretion to consider the order as a renewed motion for summary judgment, and in this case will do so.

IX. Instead, Plaintiffs cite to N.J.S.A. 59:3-1(a)[4] and N.J.S.A. 59:3-3[5] as the bases for the Court to deny summary judgment. However, these statutes pertain to the issue of qualified immunity for state actors and have no bearing on the imposition of vicarious liability.

The NJTCA provides for the imposition of respondeat superior on a public entity for "injuries proximately caused by an act or omission of a public employee within the scope of his employment." N.J.S.A. 59:2-2(a). However, the following section of the statute provides that a "public entity is *not liable* for an injury resulting from an act or omission of a public employee where the public employee is *not liable*." N.J.S.A. 59:2-2(b) (emphasis added). Pursuant to the Orders of this Court and the decision of the Third Circuit Court of Appeals, every public employee defendant named in the Complaint has been granted summary judgment and has been dismissed from the case. Therefore, no basis for vicarious liability exists with respect to Edison pursuant to N.J.S.A. 59:2-2(b). See also, Bilbili v. Klein, 2005 WL 1397016, *12 (D.N.J. Jan. 15, 2005) ("[B]ecause Defendants . . . are immune from liability under the [New Jersey Tort Claim Act], the municipality is immune from liability as well."); Ernst v. Borough of Ft. Lee, 739 F.Supp. 220 (D.N.J.1990) (holding that where officers were immune from liability, borough was also entitled to immunity). Accordingly, the Court hereby grants judgment as a matter of

---

[4] "Except as otherwise provided by this act, a public employee is liable for injury by his act or omission to the same extent as a private person." N.J.S.A. 59:3-1(a).

[5] "A public employee is not liable if he acts in good faith in the execution or enforcement of any law. Nothing in this section exonerates a public employee from liability for false arrest or false imprisonment." N.J.S.A. 59:3-3.

law on Count IX to Edison.[6]

## CONCLUSION

For the reasons set forth in this Opinion, Edison's motion is hereby granted. An appropriate Order accompanies this Opinion.

DATED: September 4, 2007                    /s/ Jose L. Linares
                                                            United States District Judge

---

[6] Plaintiffs also argue that claims for false arrest, excessive force, and excessive bail against Edison have survived the motions for summary judgment and remain pending. (Pl.'s Reply Br. at 21-24.). Assuming arguendo that these three claims are brought under 42 U.S.C. § 1983, then they were disposed of by prior Orders of this Court or the grant of qualified immunity to Wheeler and Anderko by the Court of Appeals. Further, assuming arguendo that these claims are pursuant to state law, the objectively reasonable test for qualified immunity with reference to Section 1983 claims "also applies 'in determining questions of good faith arising under the Tort Claims Act, N.J.S.A. 59:3-3.'" Gurski v. New Jersey State Police Dep't, 576 A.2d 292, 295 (N.J. Super. Ct. App. Div.1990). Thus, pursuant to the Third Circuit's determination that Anderko and Wheeler are entitled to qualified immunity, these officers are also entitled to qualified immunity on plaintiffs' state law claims under N.J.S.A.§ 59:3-3. Therefore, even if the Court were to allow claims for vicarious liability to proceed against Defendant Edison based upon false arrest, excessive force, and excessive bail, Edison is nevertheless entitled to summary judgment because as noted supra, "[a] public entity is not liable for an injury resulting from an act or omission of a public employee where the public employee is not liable." N.J.S.A. § 59:2-2. Therefore, no claims remain against Edison.